IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| CRC Scrap Metal Recycling, LLC, ) | |
| ) | C.A. No. 7:12-146-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Hartford Casualty Insurance Company, ) | |
| Hartford Fire Insurance Co., and ) | |
| Watson Insurance Agency, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on CRC Scrap Metal Recycling, LLC's ("CRC") motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted).

In the motion, CRC reasserts the allegations made in opposition to the Defendants' motions for summary judgment and presents no new facts or evidence that alter the court's original findings in its October 15, 2012 Order. CRC alleges that the court should alter or

1

amend the judgment for the following reasons: (1) the court "erred in determining that the allegations of negligence were actually allegations of unintentional/negligent conversion;" and (2) the court should clarify whether Paul Hendricks ("Hendricks"), Watson Insurance Agency, Inc.'s agent, was a broker or agent of Hartford Casualty Insurance Company and Hartford Fire Insurance Co. (collectively "Hartford"). (CRC Mem. Supp. Mot. Alter J. 1, ECF No. 50.) Further, CRC asks the court to certify a question to the South Carolina Supreme Court as follows: "Is negligent or innocent conversion (when defined as mere negligence in the underlying complaint) an accident or fortuitous event which qualifies as an occurrence under an insurance policy?" (Id.)

The court denies CRC's request to certify a question to the South Carolina Supreme Court as the law regarding interpretation of an insurance contract is well settled. Smith v. FCX, Inc., 744 F.2d 1378, 1379 (4th Cir. 1984) ("The Supreme Court of South Carolina's Rule 46 provides for certification by a federal court of questions of law when there is no ample precedent to guide the certifying court as to the answer the state court would provide."); Roe v. Doe, 28 F.3d 404, 407 (4th. Cir. 1994) ("Only if the available state law is clearly insufficient should the court certify the issue to the state court."). Further, for the reasons set forth in the October 15, 2012 Order, the court need not determine whether Hendricks is an agent of Hartford as such a decision would be advisory.

Lastly, CRC contends that the court inappropriately construed the negligence claim in the underlying action, Action Concrete Contractors, Inc. v. CRC Scrap Metal Recycling, LLC, 2010-CP-42-5742 ("Action Concrete case"), as a conversion claim. (CRC Mem. Supp. Mot. Alter J. 2, ECF No. 50.) CRC argues that

>the negligence alleged in the underlying lawsuit is that CRC was negligent in purchasing the stolen materials, and property damages occurred after the negligent purchasing of the allegedly stolen aluminum forms. Action Concrete's Amended Complaint alleges that CRC breached a duty of care in failing to perform the metal purchasing functions associated with its business; thus, Action Concrete is asserting that CRC performed its purchasing duties negligently.

(Id.) To prevail on a negligence claim in South Carolina, "a plaintiff must show the (1) defendant owed a duty of care to the plaintiff[;] (2) defendant breached the duty by a negligent act or omission[;] (3) defendant's breach was the actual and proximate cause of the plaintiff's injury[;] and (4) the plaintiff suffered injury or damages." Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." Id.

>Duty arises from the relationship between the alleged tortfeasor and the injured party. In order for negligence liability to attach, the parties must have a relationship recognized by law as the foundation of a duty of care. In the absence of a duty to prevent an injury, foreseeability of that injury is an insufficient basis on which to rest liability. The concept of duty in tort liability will not be extended beyond reasonable limits.

Huggins v. Citibank, N.A., 585 S.E.2d 275, 277 (S.C. 2003) (internal citations omitted). CRC cites no legal authority to support the claim that CRC owed a duty of care to Action Concrete when it purchased and later sold the aluminum forms. In Berger v. Lexington Lumber Co., the South Carolina Supreme Court noted that

>it would be an unreasonable rule to lay down that one must satisfy himself of the title of the seller of every article he buys in open market. It is true that one who thus buys lays himself open to the liability of surrendering the article, or accounting for its value, if the seller had no title to it. But the purchaser does not subject himself to an action for damages of the nature of the one here before the court, [where there was no evidence of knowledge.]

182 S.E. 156, 158 (S.C. 1935).  The court finds that CRC, a buyer in the open market, owed no duty of care to Action Concrete as a matter of law.  Thus, there is no viable negligence claim.  The focus of the court's inquiry in determining whether Hartford has a duty to defend in the underlying action is on the allegations in the amended complaint.  "[I]t is generally recognized that the insurer is under a duty to defend a suit against the insured where the complaint in such suit alleges a state of facts within the coverage of the policy." Hartford Accident & Indem. Co. v. South Carolina Ins. Co., 166 S.E.2d 762, 765 (S.C. 1969).  The negligence allegations in Action Concrete's amended complaint allege facts which support a claim for innocent or negligent conversion .[1]

> The wrongful detention of another's personal property may give rise to an action for conversion.  One who deprives another of possession of his or her property can be held liable for damages.  To prevail in a conversion action, the plaintiff must prove either title to or a right to possession of the personal property at the time of the conversion.

Causey v. Blanton, 314 S.E.2d 346, 348 (S.C. Ct. App. 1984) (internal citations omitted).  Based on the foregoing, CRC's argument that the court "erred in determining that the allegations of negligence were actually allegations of unintentional/negligent conversion" is without merit. (CRC Mem. Supp. Mot. Alter J. 1, ECF No. 50.)

In addition, CRC argues in support of its negligence claim that the South Carolina Supreme Court decision in Crossmann Communities of North Carolina, Inc. v. Harleysville Mutual Insurance Company supports a finding that the mistaken purchase and sale of stolen

---

[1] In its motion for summary judgment, Hartford disputed whether a cause of action for negligent or innocent conversion exists under South Carolina law.  (Hartford Reply Supp. Summ. J. 3.)  However, to the extent this cause of action exists under South Carolina law, negligent/innocent conversion is not an "occurrence" under the Policy as more fully discussed in the October 15, 2012 Order and herein.

goods constitutes an occurrence because the court found the definition of occurrence was ambiguous and should be construed against the insurer. 717 S.E.2d 589, 594 (S.C. 2011); (CRC Mem. Supp. Mot. Alter J. 5-6, ECF No. 50.) The court disagrees. As the court noted

> [a]n occurrence was once simply defined as an "accident." However, in 1966, the occurrence definition was expanded to include "continuous or repeated exposure to substantially the same general harmful conditions." This Court, among others, has struggled to discern the meaning of the expanded occurrence definition in the context of progressive damage cases. The lack of a clear meaning, we believe, leaves us with an ambiguity, which we must construe against the insurer.

Crossmann, 717 S.E.2d at 592-93. At issue in Crossmann was the expanded language because the case involved progressive damage from repeated water intrusion. Id. at 591. The court found that in a progressive damage case involving negligent installation of stucco the "expanded definition of 'occurrence' is ambiguous and must be construed in favor of the insured . . . ." Id. at 594. The expanded definition of occurrence is not at issue in this case as it does not involve progressive damage. The issue in the case at bar is whether the purchase and sale of stolen goods was an "accident." Moreover, negligent installation of building materials resulting in damage to non-defective components is readily distinguishable from the alleged negligent or innocent purchase of stolen goods. For the reasons set forth above, CRC does not present any new facts or evidence which alter the court's original findings in the October 15, 2012 Order.

It is therefore

**ORDERED** that CRC's motion to alter or amend judgment, docket number 50, is denied.

**IT IS SO ORDERED.**

              s/Henry M. Herlong, Jr.
              Senior United States District Judge

Greenville, South Carolina
December 10, 2012